UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

B-07-1

| | |
|---|---|
| UNITED STATES OF AMERICA | **Criminal Number:** <br> **VIOLATIONS:** |
| v. | 18 U.S.C. § 1956(h) (Conspiracy to Commit Money Laundering) |
| ROBERT HODGINS; | |
| JUAN MERLANO; | |
| FRANCISCO DARIO DUQUE; and | |
| VIRTUAL MONEY, INC. | |
| . | |

# INDICTMENT

The Grand Jury charges:

## COUNT ONE
(Conspiracy to Launder Money)

I. Object of the Conspiracy

1. From in or about October 2005 through March 5, 2008, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, **ROBERT HODGINS; JUAN MERLANO; FRANCISCO DARIO DUQUE; and VIRTUAL MONEY, INC.**, the defendants herein, knowingly and intentionally conspired together and with others, known and unknown to the Grand Jury, to conduct and attempt to conduct one or more financial transactions affecting interstate and foreign commerce, which involved the proceeds of specified unlawful activity, that is: the manufacture, importation, sale, and distribution of a controlled substance, with the intent to promote the carrying on of the specified unlawful activity, and knowing the transactions were designed in whole and in part (a) to conceal and disguise the

nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and (b) to avoid a transaction reporting requirement under state or federal law, and knowing that the money involved in one or more of the transactions represented the proceeds of unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i); 1956(a)(1)(B)(i); and 1956(a)(1)(B)(ii).

## II.  Manner and Means of the Conspiracy

2. It was a part of the conspiracy that JUAN MERLANO and FRANCISCO DARIO DUQUE operated in and around Medellin, Colombia as brokers who arranged to transport to Colombia from the United States proceeds of the sale of controlled substances, including cocaine, by agents of their Colombian clients.

3. It was a part of the conspiracy that MERLANO and DUQUE directed individuals in the United States to use the proceeds of the sale of controlled substances to pay off the debts or obligations of Colombian importers by making deposits into accounts at financial institutions in the United States.  In return for having their obligations covered, the Colombian importers paid MERLANO and DUQUE in Colombian pesos.

4. It was a part of the conspiracy that MERLANO and DUQUE also arranged to transport U.S. dollars which were the proceeds of the sale of controlled substances from the United States to Colombia using the services of VIRTUAL MONEY, INC.  VIRTUAL MONEY, INC. is a corporation located in the Dallas, Texas area which creates plastic cards containing magnetic strips, ("stored value cards"),  which can be "loaded" with amounts of money, so that corresponding stored value cards at remote locations can be used to withdraw money from

remote financial institutions up to the amount of money with which the corresponding cards have been "loaded." The cards are "loaded" by agents of VIRTUAL MONEY, INC.

5. It was a part of the conspiracy that MERLANO and DUQUE directed their agents in the United States to provide proceeds of sales of controlled substances to agents of VIRTUAL MONEY, INC. to be sent to Colombia so the proceeds could be made available to the clients of MERLANO and DUQUE.

6. It was a part of the conspiracy that agents of VIRTUAL MONEY, INC. loaded the proceeds in U.S. dollars provided to them by agents of MERLANO and DUQUE onto stored value cards, and agents of MERLANO and DUQUE, and of their clients in Colombia retrieved the proceeds in Colombian pesos through ATM machines in Medellin, Colombia.

### III.  Overt Acts

7. In furtherance of the above conspiracy, and in order to effectuate the objects thereof, the following overt acts, among others, were committed in the District of Connecticut or elsewhere:

A. On or about February 1, 2006 in the District of Connecticut and elsewhere, MERLANO caused his agent in the United States to provide $30,000 in U.S. currency to a third party for the purpose of transmitting the funds to another agent or agents of MERLANO in Medellin, Colombia.

B. On or about February 3, 2006 in the District of Connecticut and elsewhere, MERLANO caused his agent in the United States to provide $22,000 in U.S. currency to a third party for the purpose of transmitting the funds to another agent or agents of MERLANO in Medellin, Colombia.

C. On or about February 14, 2006 in the District of Connecticut and elsewhere, MERLANO caused his agent in the United States to provide $25,000 in U.S. currency to a third party for the purpose of transmitting the funds to another agent or agents of MERLANO in Medellin, Colombia.

D. On or about February 20, 2006 in the District of Connecticut and elsewhere, MERLANO caused his agent in the United States to provide $119,800 in U.S. currency to a third party for the purpose of transmitting the funds to another agent or agents of MERLANO in Medellin, Colombia.

E. On or about March 12, 2006 in the District of Connecticut and elsewhere, MERLANO caused his agent in the United States to provide $22,500 in U.S. currency to a third party for the purpose of transmitting the funds to another agent or agents of MERLANO in Medellin, Colombia.

F. On or about June 25, 2006 in the District of Connecticut and elsewhere, DUQUE caused his agent in the United States to provide $104,020 in U.S. currency to a third party for the purpose of transmitting the funds to another agent or agents of DUQUE in Medellin, Colombia, and all or a portion of the funds were transmitted through VIRTUAL MONEY, INC.

G. On or about July 5, 2006 in the District of Connecticut and elsewhere, DUQUE caused his agent in the United States to provide $39,200 in U.S. currency to a third party for the purpose of transmitting the funds to another agent or agents of DUQUE in Medellin, Colombia.

H. On or about July 24, 2006 in the District of Connecticut and elsewhere, MERLANO caused his agent in the United States to provide $77,645 in U.S. currency to a third party for the

purpose of transmitting the funds to another agent or agents of MERLANO in Medellin, Colombia, and all or a portion of the funds were transmitted through VIRTUAL MONEY, INC.

  I. On or about September 19, 2006 in the District of Connecticut and elsewhere, MERLANO caused his agent in the United States to provide $100,460 in U.S. currency to a third party for the purpose of transmitting the funds to another agent or agents of MERLANO in Medellin, Colombia, and all or a portion of the funds were transmitted through VIRTUAL MONEY, INC.

  J. On or about October 19, 2006 in the District of Connecticut and elsewhere, MERLANO caused his agent in the United States to provide $49,990 in U.S. currency to a third party for the purpose of transmitting the funds to another agent or agents of MERLANO in Medellin, Colombia, and all or a portion of the funds were transmitted through VIRTUAL MONEY, INC.

  K. On or about January 25, 2007 in the District of Connecticut and elsewhere, MERLANO caused his agent in the United States to provide $39,000 in U.S. currency to a third party for the purpose of transmitting the funds to another agent or agents of MERLANO in Medellin, Colombia, and all or a portion of the funds were transmitted through VIRTUAL MONEY, INC.

  L. On or about February 3, 2007 in the District of Connecticut and elsewhere, MERLANO caused his agent in the United States to provide $175,000 in U.S. currency to a third party for the purpose of transmitting the funds to another agent or agents of MERLANO in Medellin, Colombia, and all or a portion of the funds were transmitted through VIRTUAL MONEY, INC.

M.  On or about February 6, 2007 in the District of Connecticut and elsewhere, MERLANO caused his agent in the United States to provide $20,004 in U.S. currency to a third party for the purpose of transmitting the funds to another agent or agents of MERLANO in Medellin, Colombia.

N.  On or about April 30, 2007 in the District of Connecticut and elsewhere, DUQUE caused his agent in the United States to provide $150,000 in U.S. currency to a third party for the purpose of transmitting the funds to another agent or agents of DUQUE in Medellin, Colombia.

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE ALLEGATION

Upon conviction on Count One of this Indictment, the defendants, **ROBERT HODGINS; JUAN MERLANO; FRANCISCO DARIO DUQUE;** and **VIRTUAL MONEY, INC.,** shall forfeit to the United States of America pursuant to 18 U.S.C. § 982(a)(1), all right, title, and interest in any and all money and other property involved in the money laundering offenses, and all property traceable to such money and other property, including but not limited to:

(a)  A money judgment equal to the total amount of any and all money and other property involved in the money laundering conspiracy offense, and all property traceable to such property, including but not limited to the sum of $7,120,000 in U.S. currency.

If any of the above-described forfeitable property, as a result of any act or omission of the defendants, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been

substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

All in accordance with Title 18, United States Code, Section 982(a) and (b), and Rule 32.2(a), Federal Rules of Criminal Procedure.

                          A TRUE BILL

                          _____
                          FOREPERSON

_____
NORA R. DANNEHY
ACTING UNITED STATES ATTORNEY

_____
PETER D. MARKLE
CHIEF, DRUG TASK FORCE

_____
H. GORDON HALL
DEPUTY CHIEF, DRUG TASK FORCE

_____
RAHUL KALE
ASSISTANT U.S. ATTORNEY