UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

B-07-1

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Number:<br>VIOLATIONS: |
| v. | 18 U.S.C. § 1956(h) (Conspiracy to Commit Money Laundering) |
| ROBERT HODGINS; | 18 U.S.C. §§; 1956(a)(1)(B)(i); and 2 (Money Laundering and Aiding and Abetting) |
| JUAN MERLANO; | |
| FRANCISCO DARIO DUQUE; | |
| JUAN CARLOS CHAVARRIAGA-OROZCO; | |
| DOMINGO MARTE; | |
| JULIAN ALBERTO MUÑOZ; | |
| CHRISTIAN INZAEHI, TNU; | |
| LUIS EDUARDO ORDONEZ-GOMEZ; | |
| MANUEL CALZADA; and | |
| VIRTUAL MONEY, INC. | |

## SUPERSEDING INDICTMENT

The Grand Jury charges:

### COUNT ONE
(Conspiracy to Launder Money)

I. Object of the Conspiracy

1. From in or about October 2005 through March 5, 2008, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, **ROBERT HODGINS; JUAN MERLANO; FRANCISCO DARIO DUQUE; JUAN CARLOS**

**CHAVARRIAGA-OROZCO; DOMINGO MARTE; JULIAN ALBERTO MUÑOZ; CHRISTIAN INZAEHI, TNU; MANUEL CALZADA; LUIS EDUARDO ORDONEZ-GOMEZ; and VIRTUAL MONEY, INC.**, the defendants herein, knowingly and intentionally conspired together and with others, known and unknown to the Grand Jury, to conduct and attempt to conduct one or more financial transactions affecting interstate and foreign commerce, which involved the proceeds of some form of specified unlawful activity, that is: the manufacture, importation, sale, and distribution of a controlled substance, knowing the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, and knowing that the money involved in one or more of the transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

II.  Manner and Means of the Conspiracy

2. It was a part of the conspiracy that JUAN MERLANO and FRANCISCO DARIO DUQUE operated in and around Medellin, Colombia as brokers who arranged to transport to Colombia from the United States proceeds of the sale of controlled substances, including cocaine, by agents of their Colombian clients.

3. It was a part of the conspiracy that MERLANO and DUQUE directed individuals in the United States, including JUAN CARLOS CHAVARRIAGA-OROZCO, to use the proceeds of the sale of controlled substances to pay off the debts or obligations of Colombian importers by making deposits into accounts at financial institutions in the United States.  In return for having their obligations covered, the Colombian importers paid MERLANO and DUQUE in Colombian pesos.  The United States currency would be transported within the United States by couriers

associated with MERLANO and DUQUE, including but not limited to DOMINGO MARTE, JULIAN ALBERTO MUÑOZ, CHRISTIAN INZAEHI, TNU; MANUEL CALZADA and LUIS EDUARDO ORDONEZ-GOMEZ.

    4. It was a part of the conspiracy that MERLANO and DUQUE also arranged to transport U.S. dollars which were the proceeds of the sale of controlled substances from the United States to Colombia using CHAVARRIAGA and the services of VIRTUAL MONEY, INC.  VIRTUAL MONEY, INC. is a corporation located in the Dallas, Texas area which creates plastic cards containing magnetic strips, ("stored value cards"), which can be "loaded" with amounts of money, so that corresponding stored value cards can be used at remote locations to withdraw money from remote financial institutions up to the amount of money with which the corresponding cards have been "loaded."  The cards are "loaded" by agents of VIRTUAL MONEY, INC.  ROBERT HODGINS is the president of VIRTUAL MONEY, INC.

    5. It was a part of the conspiracy that MERLANO and DUQUE directed their agents in the United States to provide proceeds of sales of controlled substances to agents of VIRTUAL MONEY, INC. to be sent to Colombia so the proceeds could be made available to the clients of MERLANO and DUQUE.

    6. It was a part of the conspiracy that agents of VIRTUAL MONEY, INC. loaded the proceeds in U.S. dollars provided to them by agents of MERLANO and DUQUE onto stored value cards, and agents of MERLANO and DUQUE, and of their clients in Colombia retrieved the proceeds in Colombian pesos through ATM machines in Medellin, Colombia.  For example, VIRTUAL MONEY, INC. stored value cards were used by the members of the conspiracy to make available at a Daviviendo Bank ATM in Medellin, Colombia the peso equivalent of US

$2,430,810.24 in April 2006; US $2,437,023.53 in June 2006; and US $2,257,761.45 in August 2006.

### III.  Overt Acts

7.  In furtherance of the above conspiracy, and in order to effectuate the objects thereof, the following overt acts, among others, were committed in the District of Connecticut and elsewhere:

A.  On or about February 1, 2006 in the District of Connecticut and elsewhere, MERLANO caused his agent in the United States, MARTE, to provide $30,000 in U.S. currency to his agent for the purpose of transmitting the funds to another agent or agents of MERLANO in Medellin, Colombia.

B.  On or about February 3, 2006 in the District of Connecticut and elsewhere, MERLANO caused his agent in the United States, MARTE, to provide $22,000 in U.S. currency to his agent for the purpose of transmitting the funds to another agent or agents of MERLANO in Medellin, Colombia.

C.  On or about February 14, 2006 in the District of Connecticut and elsewhere, MERLANO caused his agent in the United States to provide $25,000 in U.S. currency to a third party for the purpose of transmitting the funds to another agent or agents of MERLANO in Medellin, Colombia.

D.  On or about February 20, 2006 in the District of Connecticut and elsewhere, MERLANO caused his agent in the United States, MUNOZ, to provide $119,800 in U.S. currency to his agent for the purpose of transmitting the funds to another agent or agents of MERLANO in Medellin, Colombia.

E.  On or about March 12, 2006 in the District of Connecticut and elsewhere, MERLANO caused his agent, MARTE, in the United States to provide $22,500 in U.S. currency to his agent for the purpose of transmitting the funds to another agent or agents of MERLANO in Medellin, Colombia.

F.  On or about June 25, 2006 in the District of Connecticut and elsewhere, DUQUE caused his agent in the United States to provide $104,020 in U.S. currency to a third party for the purpose of transmitting the funds to another agent or agents of DUQUE in Medellin, Colombia, and at least a portion of the funds were transmitted through VIRTUAL MONEY, INC.

G.  On or about July 5, 2006 in the District of Connecticut and elsewhere, DUQUE caused his agent in the United States to provide $39,200 in U.S. currency to a third party for the purpose of transmitting the funds to another agent or agents of DUQUE in Medellin, Colombia.

H.  On or about July 24, 2006 in the District of Connecticut and elsewhere, MERLANO caused his agent in the United States, INZAEHI, TNU, to provide $77,645 in U.S. currency to a third party for the purpose of transmitting the funds to another agent or agents of MERLANO in Medellin, Colombia, and at least a portion of the funds were transmitted through VIRTUAL MONEY, INC.

I.  On or about September 19, 2006 in the District of Connecticut and elsewhere, MERLANO caused his agent in the United States, INZAEHI, TNU, to provide $100,460 in U.S. currency to a third party for the purpose of transmitting the funds to another agent or agents of MERLANO in Medellin, Colombia, and at least a portion of the funds were transmitted through VIRTUAL MONEY, INC.

J. On or about October 19, 2006 in the District of Connecticut and elsewhere, MERLANO caused his agent in the United States to provide $49,990 in U.S. currency to a third party for the purpose of transmitting the funds to another agent or agents of MERLANO in Medellin, Colombia, and at least a portion of the funds were transmitted through VIRTUAL MONEY, INC.

K. On or about January 25, 2007 in the District of Connecticut and elsewhere, MERLANO caused his agent in the United States, CALZADA, to provide $39,000 in U.S. currency to a third party for the purpose of transmitting the funds to another agent or agents of MERLANO in Medellin, Colombia, and at least a portion of the funds were transmitted through VIRTUAL MONEY, INC.

L. On or about February 3, 2007 in the District of Connecticut and elsewhere, MERLANO caused his agent in the United States, ORDONEZ-GOMEZ, to provide $175,000 in U.S. currency to a third party for the purpose of transmitting the funds to another agent or agents of MERLANO in Medellin, Colombia, and at least a portion of the funds were transmitted through VIRTUAL MONEY, INC.

M. On or about February 6, 2007 in the District of Connecticut and elsewhere, MERLANO caused his agent in the United States to provide $20,004 in U.S. currency to a third party for the purpose of transmitting the funds to another agent or agents of MERLANO in Medellin, Colombia.

N. On or about April 30, 2007 in the District of Connecticut and elsewhere, DUQUE caused his agent in the United States to provide $150,000 in U.S. currency to a third party for the purpose of transmitting the funds to another agent or agents of DUQUE in Medellin, Colombia.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT TWO

On or about February 1, 2006 in the District of Connecticut and elsewhere, **JUAN MERLANO**, the defendant herein, and others, known and unknown to the Grand Jury, conducted and attempted to conduct a financial transaction affecting interstate and foreign commerce, to wit, the wire transfer of money, which involved the proceeds of some form of specified unlawful activity, that is: the manufacture, importation, sale, and distribution of a controlled substance, knowing the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of some form of specified unlawful activity, and knowing that the money involved in the transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT THREE

On or about February 3, 2006 in the District of Connecticut and elsewhere, **JUAN MERLANO**, the defendant herein, and others, known and unknown to the Grand Jury, conducted and attempted to conduct a financial transaction affecting interstate and foreign commerce, to wit a wire transfer of money, which involved the proceeds of specified unlawful activity, that is: the manufacture, importation, sale, and distribution of a controlled substance, knowing the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of some form of specified unlawful

activity, and knowing that the money involved in the transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT FOUR

On or about February 14, 2006 in the District of Connecticut and elsewhere, **JUAN MERLANO**, the defendant herein, and others, known and unknown to the Grand Jury, conducted and attempted to conduct a financial transaction affecting interstate and foreign commerce, to wit a wire transfer of money, which involved the proceeds of specified unlawful activity, that is: the manufacture, importation, sale, and distribution of a controlled substance, knowing the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of some form of specified unlawful activity, and knowing that the money involved in the transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT FIVE

On or about February 20, 2006 in the District of Connecticut and elsewhere, **JUAN MERLANO**, the defendant herein, and others, known and unknown to the Grand Jury, conducted and attempted to conduct a financial transaction affecting interstate and foreign commerce, to wit a wire transfer of money, which involved the proceeds of specified unlawful activity, that is: the manufacture, importation, sale, and distribution of a controlled substance, knowing the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of some form of specified unlawful

activity, and knowing that the money involved in the transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT SIX

On or about March 12, 2006 in the District of Connecticut and elsewhere, **JUAN MERLANO**, the defendant herein, and others, known and unknown to the Grand Jury, conducted and attempted to conduct a financial transaction affecting interstate and foreign commerce, to wit a wire transfer of money, which involved the proceeds of specified unlawful activity, that is: the manufacture, importation, sale, and distribution of a controlled substance, knowing the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of some form of specified unlawful activity, and knowing that the money involved in the transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT SEVEN

On or about June 25, 2006 in the District of Connecticut and elsewhere, **FRANCISCO DARIO DUQUE and VIRTUAL MONEY, INC**., the defendants herein, and others, known and unknown to the Grand Jury, conducted and attempted to conduct a financial transaction affecting interstate and foreign commerce, to wit a wire transfer of money, which involved the proceeds of specified unlawful activity, that is: the manufacture, importation, sale, and distribution of a controlled substance, knowing the transaction was designed in whole and in part

to conceal and disguise the nature, location, source, ownership, and control of the proceeds of some form of specified unlawful activity, and knowing that the money involved in the transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT EIGHT

On or about July 5, 2006 in the District of Connecticut and elsewhere, **FRANCISCO DARIO DUQUE**, the defendant herein, and others, known and unknown to the Grand Jury, conducted and attempted to conduct a financial transaction affecting interstate and foreign commerce, to wit, a wire transfer of money, which involved the proceeds of specified unlawful activity, that is: the manufacture, importation, sale, and distribution of a controlled substance, knowing the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of some form of specified unlawful activity, and knowing that the money involved in the transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT NINE

On or about July 24, 2006 in the District of Connecticut and elsewhere, **JUAN MERLANO and VIRTUAL MONEY, INC.**, the defendants herein, and others, known and unknown to the Grand Jury, conducted and attempted to conduct a financial transaction affecting interstate and foreign commerce, to wit a wire transfer of money, which involved the proceeds of specified unlawful activity, that is: the manufacture, importation, sale, and distribution of a

controlled substance, knowing the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of some form of specified unlawful activity, and knowing that the money involved in the transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

### COUNT TEN

On or about September 19, 2006 in the District of Connecticut and elsewhere, **JUAN MERLANO and VIRTUAL MONEY, INC.**, the defendants herein, and others, known and unknown to the Grand Jury, conducted and attempted to conduct a financial transaction affecting interstate and foreign commerce, to wit, a wire transfer of money, which involved the proceeds of specified unlawful activity, that is: the manufacture, importation, sale, and distribution of a controlled substance, knowing the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of some form of specified unlawful activity, and knowing that the money involved in the transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

### COUNT ELEVEN

On or about October 19, 2006 in the District of Connecticut and elsewhere, **JUAN MERLANO and VIRTUAL MONEY, INC.**, the defendants herein, and others, known and unknown to the Grand Jury, conducted and attempted to conduct a financial transaction affecting interstate and foreign commerce, to wit a wire transfer of money, which involved the proceeds of

specified unlawful activity, that is: the manufacture, importation, sale, and distribution of a controlled substance, knowing the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of some form of specified unlawful activity, and knowing that the money involved in the transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT TWELVE

On or about January 25, 2007 in the District of Connecticut and elsewhere, **JUAN MERLANO, and VIRTUAL MONEY, INC.**, the defendants herein, and others, known and unknown to the Grand Jury, conducted and attempted to conduct a financial transaction affecting interstate and foreign commerce, to wit, a wire transfer of money, which involved the proceeds of specified unlawful activity, that is: the manufacture, importation, sale, and distribution of a controlled substance, knowing the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of some form of specified unlawful activity, and knowing that the money involved in the transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT THIRTEEN

On or about February 3, 2007 in the District of Connecticut and elsewhere, **JUAN MERLANO, and VIRTUAL MONEY, INC.**, the defendants herein, and others, known and unknown to the Grand Jury, conducted and attempted to conduct a financial transaction affecting interstate and foreign commerce, to wit a wire transfer of money, which involved the proceeds of

specified unlawful activity, that is: the manufacture, importation, sale, and distribution of a controlled substance, knowing the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of some form of specified unlawful activity, and knowing that the money involved in the transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT FOURTEEN

On or about February 6, 2007 in the District of Connecticut and elsewhere, **JUAN MERLANO**, the defendant herein, and others, known and unknown to the Grand Jury, conducted and attempted to conduct a financial transaction affecting interstate and foreign commerce, to wit a wire transfer of money, which involved the proceeds of specified unlawful activity, that is: the manufacture, importation, sale, and distribution of a controlled substance, knowing the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of some form of specified unlawful activity, and knowing that the money involved in the transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT FIFTEEN

On or about April 30, 2007 in the District of Connecticut and elsewhere, **FRANCISCO DARIO DUQUE**, the defendant herein, and others, known and unknown to the Grand Jury, conducted and attempted to conduct a financial transaction affecting interstate and foreign

commerce, to wit a wire transfer of money, which involved the proceeds of specified unlawful activity, that is: the manufacture, importation, sale, and distribution of a controlled substance, knowing the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of some form of specified unlawful activity, and knowing that the money involved in the transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

**FORFEITURE ALLEGATION**

Upon conviction on Count One of this Indictment, the defendants, **ROBERT HODGINS; JUAN MERLANO; FRANCISCO DARIO DUQUE; JUAN CARLOS CHAVARRIAGA-OROZCO; DOMINGO MARTE, JULIAN ALBERTO MUÑOZ, CHRISTIAN INZAEHI, TNU, LUIS EDUARDO ORDONEZ-GOMEZ, MANUEL CALZADA** and **VIRTUAL MONEY, INC.,** shall forfeit to the United States of America pursuant to 18 U.S.C. § 982(a)(1), all right, title, and interest in any and all money and other property involved in the money laundering offenses, and all property traceable to such money and other property, including but not limited to:

(a)   A money judgment equal to the total amount of any and all money and other property involved in the money laundering conspiracy offense, and all property traceable to such property, including but not limited to the sum of $7,120,000 in U.S. currency.

If any of the above-described forfeitable property, as a result of any act or omission of the defendants, cannot be located upon the exercise of due diligence, has been transferred, sold

to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

All in accordance with Title 18, United States Code, Section 982(a) and (b), and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL

_____
FOREPERSON


_____
NORA R. DANNEHY
ACTING UNITED STATES ATTORNEY


_____
PETER D. MARKLE
CHIEF, DRUG TASK FORCE


_____
H. GORDON HALL
DEPUTY CHIEF, DRUG TASK FORCE


_____
RAHUL KALE
ASSISTANT U.S. ATTORNEY