UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 3:08CR97(MRK) |
| | : | |
| V. | : | |
| | : | |
| JUAN MERLANO | : | August 3, 2010 |

GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The Government respectfully submits this memorandum to assist the Court in fashioning an appropriate sentence in the captioned matter.

In this case, the defendant was charged in a superseding indictment along with ten other individuals or entities with money laundering and money laundering conspiracy.[1] The defendant waived extradition from Medellín, Colombia and was arrested on the charges in the superseding indictment in this District on July 1, 2009. On March 30, 2010, the defendant waived his earlier pleas and elections and entered pleas of guilty to Count One of the superseding indictment, money laundering conspiracy in violation of 18 U.S.C. § 1956(h), and Counts Two through Six and Nine through Fourteen, money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(B)(I) and 2.[2] He is scheduled for sentencing on August 9, 2010.

The Office of Probation prepared a Presentence Investigation Report for the Court, which is a part of the record. By letters dated May 26 and May 28, 2010, the defendant interposed objections to certain aspects of the PSR, and these objections were brought to the attention of the

---

[1] The charges against five of the individuals were dismissed on the government's motion in the wake of the decisions of the United States Supreme Court in *Cuellar v. United States*, 128 S.Ct. 1994 (2008), and, more specifically, by the decisions of the U.S. Court of Appeals for the Second Circuit in *United States v. Ness*, 565 F.3d 73 (2d Cir. 2009) and *United States v. Garcia*, 587 F.3d 509 (2d Cir. 2009).

[2] The defendant did not enter into a plea agreement.

Court, in substance, in the defendant's Sentencing Memorandum dated July 2, 2010. Since these documents were created and filed, Government counsel and defense counsel met and, with the assistance of the lead investigative agent in the case, reviewed the available evidence. In the wake of the discussions which ensued, it appears that the Government and the defendant agree on most of the salient aspects of the factual background of the matter as they pertain to him, as well as the appropriate Guideline calculation. To the extent that there remain particulars on which the parties differ, the Government is confident that defense counsel will bring these matters to its attention and the attention of the Court prior to sentencing.

Offense Conduct

It is the Government's view that the defendant's offense conduct falls into two categories. First, during an initial period, the defendant engaged in "classic" money laundering as described in the superseding indictment, causing proceeds of illegal activity to be moved out of and into financial accounts for the purposes of concealing its true owners and origins, and transporting it out of the United States to its true owners or their designees. In this part of the conspiracy, the defendant acted in the capacity of what he describes as a "peso broker." The Government does not take issue with this description. The gist of the illegality here is that the defendant had reason to understand that the pesos and dollars he was moving were actually owned by individuals who wished to conceal their identities and underlying illegal activities, and by moving the money as he was directed to do by those persons, he was accomplishing their purposes: moving the money and concealing its ownership and origins. As is alleged in Counts One through Six and Nine through Fourteen of the Superseding Indictment, to which the defendant entered guilty pleas, the evidence on this conventional money laundering activity establishes that the defendant

participated in between $600,000 and $700,000 in illegal transactions during the period from October 2005, through March 2008.  The Government's evidence on this category of conduct generally would be the testimony of an undercover operative who participated in the conduct alleged in the referenced counts, as well as corroborating testimony of co-defendant Gonzalo Bueno.

Second, the defendant later used stored value cards owned by co-defendant Virtual Money, Inc. to move the proceeds of illegal activity at the direction of others while concealing its origins and ownership.  Generally, the money was placed into Virtual Money accounts by its owners.  Then, the defendant, at the direction of the owners, instructed co-defendant Juan Chavarriaga, a Virtual Money agent, to load various amounts of the money onto various of the 200 Virtual Money stored value cards which had been provided to the defendant by Chavarriaga.  The defendant made these instructions known to Chavarriaga via e-mail draft, so Chavarriaga could view and implement the instructions without the e-mail having been sent.  Once the money was loaded onto the cards, other unknown conspirators would retrieve the money from local cash machines in Medellín, and the money would make its way to destinations dictated by its owners.  According to records maintained by Chavarriaga, which are in the Government's possession, this conduct involved some 200 Virtual Money cards and approximately $7 million.  Chavarraiga's records are corroborated by records obtained from Virtual Money, and court-authorized electronic intercepts obtained from the e-mail account used by the defendant in connection with this aspect of the laundering.

<u>Sentencing Guideline Calculation</u>

Based on the above-described offense conduct, the Government recommends the

following Guideline calculation which, on information and belief, defense counsel concurs with:

| | |
|---|---|
| Base Offense Level: | 8 (USSG § 2S1.1(a)(2)) |
| Amount Enhancement: | 18 (USSG § 2B1.1(b)(1)(J) [$2.5-7 million]) |
| Section 1956 Enhancement: | 2 (USSG § 2S1.1(b)(2)(B)) |
| Adjusted Offense Level: | 28 |
| Acceptance: | 3 (USSG §§ 3E1.1(a), (b)) |
| Total Offense Level: | 25, Criminal History Category I |
| Guideline Range: | 57-71 months imprisonment |

Conclusion

Based on the investigation in this case, and on extensive discussions of the available evidence with defense counsel, the Government recommends that the Court use a Guideline Range of 57 to 71 months of imprisonment for the Guideline component of its sentencing calculation under 18 U.S.C. § 3553(a)(4), and otherwise leaves the matter in the sound discretion of the Court, as informed by the remarks of counsel at sentencing.

Respectfully submitted,

DAVID B. FEIN
UNITED STATES ATTORNEY

/s/ H. GORDON HALL
ASSISTANT U.S. ATTORNEY
Federal Bar No. CT05153
157 Church Street, 23rd Floor
New Haven, CT  06510
Tel.: (203) 821-3700
Fax: (203) 773-5391
Gordon.Hall@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on August 3, 2010, a copy of the foregoing Government's Sentencing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

      /s/ H. GORDON HALL
      ASSISTANT U.S. ATTORNEY
      Federal Bar No. CT05153
      157 Church Street, 23rd Floor
      New Haven, CT  06510
      Tel.: (203) 821-3700
      Fax: (203) 773-5391
      Gordon.Hall@usdoj.gov