UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | : | NO. 3:08CR97(MRK) |
|---|---|---|
| V. | : | |
| FRANCISCO DARIO DUQUE | : | November 8, 2010 |

GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The Government respectfully submits this memorandum as one source which it believes will assist the Court in fashioning an appropriate sentence in the captioned matter.

In this case, the defendant was charged in a superseding indictment along with ten other individuals or entities with money laundering and money laundering conspiracy.[1]  The defendant waived extradition from Medellín, Colombia and was arrested on the charges in the superseding indictment in this District on July 1, 2009.  On January 26, 2010, the defendant waived his earlier pleas and elections and entered a plea of guilty to Count One of the superseding indictment, money laundering conspiracy, in violation of 18 U.S.C. § 1956(h).  He is scheduled for sentencing on November 12, 2010.

The Office of Probation prepared a Presentence Investigation Report for the Court, which is a part of the record.  The Probation Office calculates the defendant's Guidelines as a Base Offense Level 28, and includes a 6-level increase, as the laundered funds were, in part, drug proceeds (Section 2S1.1(b)(1); an additional 4-level increase, as the defendant was in the business of money laundering (Section 2S1.1(b)(2)(C)); and another 4-level increase, as the

---

[1] The charges against five of the individuals were dismissed on the government's motion in the wake of the decisions of the United States Supreme Court in *Cuellar v. United States*, 128 S.Ct. 1994 (2008), and, more specifically, by the decisions of the U.S. Court of Appeals for the Second Circuit in *United States v. Ness*, 565 F.3d 73 (2d Cir. 2009) and *United States v. Garcia*, 587 F.3d 509 (2d Cir. 2009).

defendant was an organizer or leader of the criminal activity (Section 3B1.1(a)), for a total increase of 14 levels.  The resulting Adjusted Offense Level is 42.  The Probation Office calculation also includes a three-level reduction for acceptance of responsibility, for a Total Offense Level of 39, with a Criminal History Category of I, resulting in a range of 240 months of imprisonment, in light of the statutory maximum penalty.  These calculations mirror the Guideline stipulation agreed to by the parties and contained in the plea agreement.

Offense Conduct

It is the Government's view that the defendant's offense conduct falls into two categories.  First, during an initial period, the defendant engaged in "classic" money laundering as described in the superseding indictment, causing proceeds of illegal activity, including narcotics distribution, to be moved out of and into financial accounts for the purposes of concealing its true owners and origins, and transporting it out of the United States to its true owners or their designees.  The gist of the illegality here is that the defendant had reason to understand that the pesos and dollars he was moving were actually owned by individuals who wished to conceal their identities and underlying illegal activities, and by moving the money as he was directed to do by those persons, he was accomplishing their purposes: moving the money and concealing its ownership and origins.  As is alleged in Counts One, Eight and Fifteen of the Superseding Indictment, the evidence on this conventional money laundering activity establishes that the defendant directly participated in approximately $190,000 in illegal transactions between July 2006 and April 2007.  The Government's evidence on this category of conduct generally would be the testimony of an undercover operative who participated in the conduct alleged in the referenced counts.  In addition, evidence available from cooperating witnesses would establish

that the transactions in which Duque engaged with the involvement of the undercover operative were merely a sampling of the actual scale of his illegal activity during this period.

      Second, the defendant later used stored value cards owned by co-defendant Virtual Money, Inc. to move the proceeds of illegal activity at the direction of others while concealing its origins and ownership. Generally, the money was placed into Virtual Money accounts by its owners. Then, the defendant, at the direction of the owners, instructed co-defendant Juan Chavarriaga, a Virtual Money agent, or others, to load various amounts of the money onto Virtual Money stored value cards. The defendant made these instructions known to Chavarriaga or others via e-mail draft, so they could view and implement the instructions without the e-mail having been sent. Once the money was loaded onto the cards, other unknown conspirators would retrieve the money from local cash machines in Medellín or from other sources, and the money would make its way to destinations dictated by its owners. An example of this activity is set forth in Count Seven of the Superseding Indictment, in which the grand jury alleged that the defendant used Virtual Money, Inc. stored value cards to move $104,000 during June of 2006. In addition, the defendant introduced co-defendant Juan Merlano to the use of Virtual Money, Inc. stored value cards to launder currency, and through this connection, shares conspiracy liability with Merlano for some $7 million which Merlano admitted to laundering using the cards beginning in July 2006. The Merlano transaction are memorialized in records maintained by co-defendant Juan Chavarriaga, and those records are corroborated by records obtained from Virtual Money, and court-authorized electronic intercepts obtained from the e-mail account used by Merlano in connection with this aspect of the laundering.

      <u>Sentencing Guideline Calculation</u>

Based on the above-described offense conduct, the Government agrees with the Guideline calculation of the Probation Office.

Conclusion

Based on the investigation in this case, and on extensive discussions of the available evidence with defense counsel, the Government recommends that the Court use a Guideline Range of 240 months of imprisonment for the Guideline component of its sentencing calculation under 18 U.S.C. § 3553(a)(4), and otherwise leaves the matter in the sound discretion of the Court, as informed by the remarks of counsel at sentencing.

    Respectfully submitted,

    DAVID B. FEIN
    UNITED STATES ATTORNEY

    /s/ H. GORDON HALL
    ASSISTANT U.S. ATTORNEY
    Federal Bar No. CT05153
    157 Church Street, 23rd Floor
    New Haven, CT  06510
    Tel.: (203) 821-3700
    Fax: (203) 773-5391
    Gordon.Hall@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on November 8, 2010, a copy of the foregoing Government's Sentencing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

      /s/ H. GORDON HALL
      ASSISTANT U.S. ATTORNEY
      Federal Bar No. CT05153
      157 Church Street, 23rd Floor
      New Haven, CT  06510
      Tel.: (203) 821-3700
      Fax: (203) 773-5391
      Gordon.Hall@usdoj.gov