UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CASE NO. 3:08-CR-00097-MRK

UNITED STATES OF AMERICA,

vs.

FRANCISCO DARIO DUQUE,
_____/

### DEFENDANT DUQUE'S MEMORANDUM IN AID OF SENTENCING

The Defendant, FRANCISCO DARIO DUQUE, respectfully submits this memorandum in response to the Government's sentencing memorandum of November 8, 2010. The Defendant is set to be sentenced on November 12, 2010 at 3:30 p.m. by this Honorable Court. I write only to contrast Mr. Duque's role with others involved in this matter, and to discuss the infusion of Seven Million Dollars as being "reasonably foreseeable" to Mr. Duque as well as to emphasize Mr. Duque's extensive cooperative with the Government.

The Seven Million Dollars figure, constitutes an eighteen point enhancement pursuant to 18 USSC §2B.1 (b)(I)(j). This figure was the end result of a flurry of financial activity that took place within a 60 day period in September and October of 2007 using the debit cards of the co-defendant, Merlano. (Please see co-defendant, Merlano's response to government sentencing memorandum (D.E. 147).

It is important for this Honorable Court to place this in context of the quantity driven money laundering guideline. As the Second Circuit held in *United States vs. Cavera*, 550 F.3d 180, 192 (2nd Cir. 2008) "Guidelines drastically vary as to the recommended sentence based simply on the amount of money involved... and as a result (courts) impose different sentences based upon factors identified in 3552(a). It is respectfully requested that the guidelines involved in Mr. Duque's case should be considered in view of *Cavera*... See also, *United States vs. Adelson*, 301

F. App'x 93, 95 (2d Circuit 2008) affirmed at 441 F.Supp 2d 506 (S.D.N.Y. 2006); <u>United States vs. Ferguson</u>, 3:06-Cr-137 (D. Conn., Oct. 31, 2008 (Droney. J.) (The court sentenced one of the defendants to two years in prison, rather than the guideline recommended life in prison based upon the amount of fraud involved).

Since his arrest in this District, Mr. Duque has cooperated with authorities in Connecticut as well as the United States Attorney's Office for the Central District of California. It is expected that the Government will be filling a 5K1 and will be informing the Court within the extent of the cooperation of Mr. Duque. As a result of the cooperation of Mr. Duque in California, a Defendant ended up pleading guilty which preserved valuable judicial resources of the Government of California as well as hiring of expert witnesses in preparing and going to trial.

This Court sentenced the co-defendant, Merlano to a sentence of 47 months. The Government feels that Mr. Duque is a "little more" involved than Mr. Merlano. However, this Court is urged to impose a reasonable sentence consistent with the duty to "impose a sentence sufficient but not greater than necessary to comply with the specific purposes as set forth at 18 USC § 3553 (a)(2).

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was e-mailed via ECF, this November 9, 2010, to: H. Gordon Hall, AUSA, U.S. Attorneys, 157 Church Street, 23rd Floor, New Heaven. CT 06510.

> THE ROSENBLATT LAW FIRM
> 7695 S.W. 104th Street
> Second Floor
> Pinecrest, Florida 33156
> (305) 536-3300
> rosenblattlaw@hotmail.com
>
> /s/:ROBERT A. ROSENBLATT