UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO.: 3:08CR097 (MRK) |
| Plaintiff | : | |
| | : | |
| V. | : | |
| | : | |
| JUAN C. CHAVARRIAGA-OROZCO, | : | |
| Defendant | : | December 20, 2011 |

**DEFENDANT JUAN C. CHAVARRIAGA-OROZCO'S**
**MEMORANDUM IN AID OF SENTENCING**

On December 3, 2009 the defendant, JUAN C. CHAVARRIAGA-OROZCO, pled guilty to Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h). On or about July 26, 2010, undersigned counsel received the presentence report prepared by United States Probation Officer Megan Chester and has reviewed it with the defendant. The report indicates that the parties determined the defendant's guideline calculations to be as follows:

| Guideline | Level |
|---|---|
| U.S.S.G. § 2S1.1 | 8 |
| U.S.S.G. § 2B1.1 (b)(1)(J) | +18 (More than $2.5 Million) |
| U.S.S.G. § 2S1.1 (b)(1) | +6 |
| U.S.S.G. § 2S1.1 (b)(2)(B) and (C) | +6 |

| | |
|---|---|
| U.S.S.G. § 2S1.1(b)(3) | +2 |
| U.S.S.G. § 3B1.1 (b) | +3 |
| U.S.S.G. § 3E1.1 | <u>-3</u> |
| | |
| Adjusted Offense Level | 40 |
| Criminal History Category I | |
| Statutory Maximum Sentence | 240 months |

The defendant now stands ready for sentencing.

The defendant respectfully submits this memorandum in aid of sentencing in support of his request for either a sentence below the guidelines or for a non-guideline sentence. The defendant believes that the Court should determine that a sentence of **time served** is appropriate in this case. The defendant submits that there are sufficient grounds to warrant a departure and/or the imposition of such a non guideline sentence and that a sentence of time served months is "sufficient, but not greater than necessary" to satisfy the key purposes of sentencing set forth in 18 U.S.C. 3553(a). Those grounds include but are not limited to:

1. That the Sentencing Guidelines for Money Laundering in this case is beset with irrationality and can lead to unreasonable sentences that are inconsistent with what § 3553(a) requires:

2. That the defendant's exceptional family circumstances warrant a downward departure or non-guideline sentence;

3. That the defendant's cooperation with law enforcement warrant a sentence adjustment pursuant to U.S.S.G. § 5K1.1; and

4. That the defendant's circumstances, considered in their totality, warrant a non-guideline sentence.

## BACKGROUND

As stated above, U. S. Probation Officer Megan Chester prepared a thorough presentence report and described at length the defendant's personal history.  Since the report is so complete, rather than repeat what has been disclosed, the defendant will but touch on those salient points that give support to his position.

On or about March 5, 2008, Juan Chavarriaga was taken into custody by federal law enforcement in his home state of Florida.  At that time, Mr. Chavarriaga was an undocumented alien but was employed as a real estate agent and lived with his wife and young daughter.  Immediately upon his arrest, the defendant expressed a desire to cooperate with law enforcement.  Documents, computers, electronic storage devices were seized by law enforcement and the defendant assisted in securing access to the password protected information and describing the material seized.

The defendant, in custody, arrived in the District of Connecticut on or about April 2, 2008, and was ordered detained. Nonetheless, the defendant continued to cooperate with members of the Drug Enforcement Agency and the Department of Homeland Security and in a dozen or more meetings, explained to them the workings of what has been described as the "Black Market Peso Exchange."[1] Defendant, who understood the dangers of assisting the government in the investigation and prosecution of international narcotics traffickers and money launderers, nevertheless described his criminal conduct, named names and offered continued assistance.

As a result of the defendant's successful and substantial cooperation, both the government and defendant agreed to the defendant's release and on May 10, 2010, the District Court entered an order of release. As a result of an immigration detainer, the defendant was transferred to ICE custody and remained incarcerated until he was released on immigration parole on July 12, 2010. In total, the defendant was detained approximately 29 months in this case.

Upon his release from custody, the defendant found housing with a New Haven ministry under the direction of Pastor Brixeida Marquez and began to seek employment. As a result of the defendant's earlier incarceration, his immediate family had relocated from

---

[1] The Black Peso Money Laundering System, Frontline: Drug Wars,
http://www.pbs.org/wghb/pages/frontline/shows/drugs/special/blackpeso.htm.

Florida to Michigan where other relatives resided but as a result of her lack of papers, the defendant's wife was left to rely on the charity of others to get by.

In November 2010 the defendant received permission from his pretrial services officer to relocate to Michigan to be with his family.  While in Grand Rapids, Michigan, the defendant has gained employment at Sears where he works approximately 30 hours a week, he is a Spanish language translator at a local juvenile court and he has obtained his Michigan Real Estate Associates License and has begun working at Midwest Properties of Michigan in October.  (See associated documents relating to employment attached hereto as Exhibit A.) Concurrently with his employment, the defendant has begun to take college level courses at Ashford University and he has continued with his bible studies both at his church and through on-line courses.  (See curriculum and certificates attached hereto as Exhibit B.)

Finally, while in Grand Rapids, the defendant has endeavored to make himself part of the community with the development of friendships and his involvement in his local church where is an assistant Cathechist. (See letters in support of the defendant attached hereto as Exhibit C and D.)

Since his arrest in this case, Mr. Chavarriaga has begun to view his life anew and submits that he is dedication to lawful behavior.  He has had the opportunity to not only consider the wrongfulness of his acts but to begin to take steps to rectify those acts.  He asks the Court to give him an opportunity to demonstrate his commitment by sentencing him to

time served and a period of probation which is a sentence that is sufficient but no greater than necessary.

**SENTENCING STANDARD**

A quantum shift has occurred in the sentencing of federal offenders since the Supreme Court issued its decision in U.S. v. Booker, 125 S.Ct. 738 (2005).  Gone is the mandatory nature of sentencing as dictated by the United States Sentencing Guidelines.  Guidance has been offered by the High Court in Gall v. United States, 128 S. Ct. 586 (2007); Kimbrough v. United States, 128 S. Ct. 558 (2007); Rita v. United States, 127 S. Ct. 2456 (2007) so as to breath life into the discretion available to the District Court in determining appropriate punishment.

A District Court should normally begin all sentencing proceedings by calculating, with the assistance of the Presentence Report, the applicable Guideline Range.  Gall, 128 S. Ct. at 596.  The Guidelines provide the "starting point and the initial benchmark" for sentencing, Gall, 128 S. Ct at 596, and the District Courts must "remain cognizant of them throughout the sentencing process," id, at 596 n.6.  It is now, however, emphatically clear that the Guidelines are guidelines – that is, they are truly advisory.  United States v. Cavera, Docket No. 05-4591-cr (2d Cir. December 4, 2008) [Emphasis added].  "A district court may not presume that a Guideline sentence is reasonable, it must instead conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense.  District Judges are, as a result, generally free to impose sentences outside the recommended

range.  Id.  The Second Circuit does not presume that a Guideline sentence is reasonable nor that a non-Guideline sentence is unreasonable.  Id.

The end result is that the federal sentencing process is governed by Title 18, United States Code §3553(a) wherein the key requirement is that the sentence in each case must be "sufficient, but not greater than necessary",

"(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

"(B) to afford adequate deterrence to criminal conduct;

"(C) to protect the public from further crimes of the defendant; and

"(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

See Title 18, United States Code, Section 3553 (a) (2).

The District Court must consider "the kinds of sentences available", 18 U.S.C. §3553 (a) (3).  Still further, §3553 (a) (1) directs the District Court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant."  The history and characteristics of the offender include matters beyond a defendant's criminal history, and encompass matters previously excluded from the Court's consideration by the sentencing guidelines.

**Sentencing Proposal**

It is within this current sentencing rubric that the defendant submits that a sentence of time served months is appropriate. Such a sentence would serve the goal of just punishment because it sufficiently punishes the defendant's conduct in this case.

**The Sentencing Guidelines For Money Laundering In This Case Is Beset With Irrationality And Can Lead To Unreasonable Sentences That Are Inconsistent With What § 3553(A) Requires**

The defendant's current guideline calculation is on par with what his guidelines would be if he committed the act of killing the President of the United States and then accepted responsibility for his actions.[2] The irrational ratcheting up of Mr. Chavarriaga in this money laundering prosecution seems strikingly similar to the determination that certain guideline based child pornography sentences are substantively unreasonable. See United States v. Dorvee, 616 F.3d 174 (2d Cir. 2010). The Second Circuit in Dorvee explained that by concentrating all offenders at or near the statutory maximum, [the guideline] eviscerates the fundamental statutory requirements in § 3553(a) that district courts consider the 'nature and circumstances of the offense and the history and characteristics of the defendant' and violates the principle, reinforced in Gall, that courts must guard against unwarranted similarities among sentences for defendants who have been found guilty of dissimilar conduct." Id. With any sizeable loss amount, fraud guidelines and money laundering guidelines have a tendency

---

[2] Ignoring for the moment that said act would mean that the defendant would be charged with a capital crime.

to place defendants in the life sentence range (and beyond).  Such guidelines easily generate unreasonable results, as they do in this case.

As the guideline calculation in this case would lead to an unreasonable sentence, the defendant petitions the Court for a non-guideline sentence.

**Extraordinary Family Circumstances Warrant Consideration.**

The Second Circuit has recognized that the needs of family members and the effect of an individual's incarceration on those family members are a cognizable ground for a downward departure.  "We have reviewed departures for exceptional family circumstances in various contexts, deeming them permissible in especially compelling circumstances, see United States v. Johnson, 964 F.2d 124, 129 (2d Cir. 1992); United States v. Alba, 933 F.2d 1117, 1122 (2d Cir. 1991), and impermissible in less compelling circumstances, especially where other relatives could meet the family's needs, see United States v. Madrigal, 331 F.3d 258, 260 (2d Cir. 2003), or the defendant's absence did not cause 'particularly severe' hardship, United States v. Smith, 331 F.3d 292, 292 (2d Cir. 2003)."  United States v. Selioutsky, 409 F.3d 114 (2d Cir. 2005).  Such especially compelling circumstances are present in this case.

As undocumented aliens, Mr. Chavarriaga's wife and child have been forced to live on the charity of others.  Mrs. Chavarriaga is unable to find work and it is only as a result of Mr. Chavarriaga's release and employment that they can now support themselves.  And what is

the alternative for the family should their father be re-incarcerated? To return to Medellin, Columbia after Juan Chavarriaga has cooperated against individuals and groups who would not think twice about dispatching mother and child? The defendant submits that there exist compelling family circumstances in this case for the Court to find that a non-guideline sentence is appropriate.

**A Sentence Below The Guidelines Range Is Appropriate Pursuant To U.S.S.G. 5K2.O.**

In the introduction to the Guidelines, the Sentencing Commission stated that it "intends the sentencing courts to treat each guideline as carving out a "heartland," a set of typical cases embodying the conduct that each guideline describes. When a court finds an atypical case, one to which a particular guideline linguistically applies but where conduct significantly differs from the norm, the court may consider whether a departure is warranted." U.S.S.G. Ch. 1, pt. A, subpt, 4(b). Further, "the sentencing court may impose a sentence outside the range established by the applicable guidelines, if the court finds 'that there exists…[a] mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.'" § 5K2.0.

It is respectfully submitted that even if the Court declines to find any one of the factors discussed above to be present to a degree or otherwise extraordinary for the purposes of departure, that the Court consider the force of them in combination and hold that they take

this case out of the "heartland." Here, as described above, each of the circumstances is important in terms of a sentence that is sufficient to accomplish the purposes of sentencing. Under the totality of circumstances, those circumstances as related above and taken together, the defendant submits that there are more than sufficient grounds to depart downward from the applicable Sentencing Guidelines.

**Considerations Under 18 U.S.C. § 3553(a)**

A sentence that is "sufficient, but no greater than necessary" under 18 U.S.C. § 3553(a) is one that properly accounts for all of the statutory factors. Those factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant: (2) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (3) the kinds of sentences available; (4) the Guideline range; (5) policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparity; and (7) the need to provide restitution. See 18 U.S.C. § 3553(a).

It is submitted that in the instant case, a non-custodial sentence coupled with conditions of home confinement, and community service are sufficient to serve the goals of sentencing. Mr. Chavarriaga submits a non-guideline sentence of probation is an appropriate punishment for his offense based on factors set forth in 18 U.S.C. § 3553(a).

While punishment is necessary in the instant case, the defendant need not be isolated to make the community safer. Indeed, the opposite may well be true. The many departure-

factors discussed above all work to mitigate the need for incarceration and recidivism is unlikely and thus, specific deterrence is accomplished.

Thus it is apparent that adequate respect for the law and/or general deterrence are the critical goals which the Court's sentence must impact. It is submitted that when the issue is how to promote respect for the law in Mr. Chavarriaga's case, it is critical that the unique circumstances of this case be viewed in the context of Chavarriaga's personal history.

The defendant submits that upon consideration of all the factors enumerated above, the Court can find that a sentence of **time served** is sufficient but no greater than necessary to accomplish the purposes of sentencing.

## CONCLUSION

For the foregoing reasons, defendant **Juan Chavarriaga** respectfully requests that the Court impose a period of **time served** in this case. Such a sentence is "sufficient, but not greater than necessary," to satisfy all of the relevant sentencing goals set forth in 18 U.S.C. § 3553(a).

RESPECTFULLY SUBMITTED,

THE DEFENDANT,
JUAN CHAVARRIAGA
BY___/s/ Bruce D. Koffsky__
   Bruce D. Koffsky, Esq.
   Koffsky & Felsen, LLC
   1150 Bedford Street
   Stamford, CT  06905
   Tel.: 203-327-1500
   Fax: 203-327-7660
   Federal Bar No.: ct03772

## **CERTIFICATION**

THIS IS TO CERTIFY that on December 20, 2011 a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                ___/s/ Bruce D. Koffsky__
                                                Bruce D. Koffsky